IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILT'S SEAFOOD PLANT, INC., MICHAEL DOLFI, AND LINDA DOLFI | § § § § | |
| Plaintiffs | § § | |
| vs. | § § | C.A. No. _____ *Jury Requested* |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, | § § § § | |
| Defendant | § | |

**PLAINTIFFS MILT'S SEAFOOD PLANT, INC., MICHAEL DOLFI, AND LINDA DOLFI'S ORIGINAL COMPLAINT AGAINST DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY**

Plaintiffs Milt's Seafood Plant, Inc., Michael Dolfi, and Linda Dolfi respectfully submit their Complaint against Acceptance Indemnity Insurance Company and in support thereof would show as follows:

**I.
Introduction and Factual Background**

1. Defendant Acceptance Indemnity Insurance Company issued a commercial general liability policy to Plaintiff, Milt's Seafood Plant, Inc., in August 2012. On November 2, 2012, Michael Bradford Smith, an employee of Milt's Seafood Plant, Inc., caused an automobile collision that resulted in serious bodily injuries to Rachel Marie Hevrin and Robert Blaine Endicott. Ms. Hevrin and Mr. Endicott subsequently sued Mr. Smith and Milt's Seafood Plant, Inc. and its principals, Michael and Linda Dolfi, alleging various theories of negligence. The claims made by Ms. Hevrin and Mr. Endicott against Milt's Seafood Plant, Inc. and the Dolfis were covered by the Acceptance insurance policy. Despite timely and numerous requests by Milt's

1

and the Dolfis, Acceptance never paid for their legal defense in the underlying lawsuits, nor did Acceptance pay for the settlements of Ms. Hevrin and Mr. Endicott's claims.

## II.
## Parties

2. Plaintiff, Milt's Seafood Plant, Inc. is a Texas corporation with its principle place of business in Galveston County, Texas.

3. Plaintiff Michael Dolfi is a citizen of the State of Texas and a resident of Galveston County, Texas.

4. Plaintiff Linda Dolfi is a citizen of the State of Texas and a resident of Galveston County, Texas.

5. Defendant Acceptance Indemnity Insurance Company is a Nebraska based Surplus Lines Insurer with its principle place of business believed to be in the state of Nebraska. As a Surplus Lines insurer, Defendant Acceptance Indemnity Insurance Company may be served with process by serving the Commissioner of the Texas Department of Insurance pursuant to Texas Insurance Code §804.201(3).

## III.
## Jurisdiction

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000 excluding interests and costs. Specifically, Plaintiffs would show that they are citizens of the State of Texas and Defendant is a corporate citizen of the State of Nebraska.

### IV.
### Venue

7. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

### V.
### Conditions Precedent

8. All conditions precedent have been performed or have occurred.

### VI.
### Facts

9. Defendant Acceptance Indemnity Insurance Company issued a commercial general liability policy (Policy No. LB00038004 and hereinafter "the Policy") to Plaintiff, Milt's Seafood Plant, Inc., in August 2012.

10. On November 2, 2012, Michael Bradford Smith, an employee of Milt's Seafood Plant, Inc., caused an automobile collision that resulted in serious bodily injuries to Rachel Marie Hevrin and Robert Blaine Endicott. Ms. Hevrin and Mr. Endicott subsequently sued Mr. Smith and Milt's Seafood Plant, Inc. and two of its corporate officers, Michael and Linda Dolfi, alleging various theories of negligence.

11. Upon receiving notice of the Hevrin lawsuit (which was filed first), Milt's promptly forwarded the lawsuit to Acceptance on September 11, 2013, and requested that Acceptance uphold its obligations under the Policy and provide Milt's and the Dolfis with a defense in the Hevrin lawsuit. Acceptance refused to provide a defense in that lawsuit on the grounds that the petition did not set out a covered claim as the allegations against Milt's and the Dolfis were limited to *respondeat superior* claims.

12.     The Hevrin plaintiff subsequently amended her petition to include allegations of negligence against Milt's and the Dolfis independent of the *respondeat superior* theory. This amended petition was promptly sent to Acceptance on January 29, 2014, and a defense was again requested. Acceptance did not respond to this request until March 3, 2014, but in so responding Acceptance failed to evaluate the new allegations of negligence against Milt's and the Dolfis that were not based upon *respondeat superior* and again denied coverage.

13.     Ms. Hevrin's lawsuit against Milt's moved forward and the case was ultimately resolved through a settlement that was paid by Milt's in September 2014. Acceptance refused to pay for any of the defense or indemnity costs in the Hevrin lawsuit.

14.     In August 2014, Mr. Endicott filed his own lawsuit against Mr. Smith, Milt's and the Dolfi's alleging various theories of liability against them including a number of theories of negligence which were not premised upon a theory of *respondeat superior*. This petition was forwarded to Acceptance on September 24, 2014, and a defense was requested. Acceptance failed to respond to that request.

15.     In January 2015, Mr. Endicott filed his First Amended Petition against Mr. Smith and Milt's and the Dolfis again alleging claims of negligence against Milt's and the Dolfis which were independent of the *respondeat superior* theory. This petition was forwarded to Acceptance and a defense was again requested. Acceptance again failed to timely respond to this request.

16.     It was not until March 2015, that Acceptance acknowledged the on-going Endicott lawsuit by attempting to insert Bill Bush, its chosen defense counsel into the case without ever contacting Milt's or the attorneys representing them in the Endicott lawsuit. Mr. Bush was unable to tell Milt's or their attorneys whether Acceptance was agreeing to defend Milt's and the Dolfis unconditionally or whether the defense was subject to a reservation of rights.

17. On March 27th, 2015, Shelly Rogers, one of Milt's attorneys in the underlying Endicott litigation sent an email to Traci Carlin, an adjuster for Acceptance, regarding the unilateral hiring of Mr. Bush and asked that Ms. Carlin or someone else from Acceptance contact them to discuss Acceptance's position on both the Endicott lawsuit and the Hevrin lawsuit. Acceptance did not respond to that request.

18. On June 10, 2015, Ms. Rogers again wrote to Acceptance asking that someone contact her to discuss Acceptance's position on the Endicott and Hevrin lawsuits. Again, Acceptance failed to respond.

19. On July 13, 2015, Ms. Rogers tried calling Acceptance and left a voicemail for Ms. Carlin which was again ignored. On July 16, 2015, Mr. George Pappas, another of Milt's attorneys in the underlying Endicott lawsuit, wrote Acceptance pleading that anyone from the company contact him to discuss if and how Acceptance was planning on dealing with the claims made against Milt's and the Dolfis in the Endicott and Hevrin lawsuits.

20. It was not until a letter from Acceptance dated September 24, 2015, that Acceptance first responded to the repeated inquiries from its insureds. This was one year to the day from when a defense was initially requested in the Endicott matter. However, this September 24th letter only stated that Acceptance would be providing a defense in the Endicott matter through its chosen counsel Bill Bush under a reservation of rights, but did not adequately address the basis for the reservation of rights. Nor did the letter address Milt's request to be reimbursed for past defense costs in the Endicott case. The letter also failed to address Milt's and the Dolfi's request to be reimbursed their defense and indemnity costs it had paid and incurred to date in the Hevrin lawsuit.

21. It was not until Acceptance's letter dated October 29, 2015, that Acceptance finally agreed to pay for a portion of Milt's and the Dolfi's past defense costs in the Endicott lawsuit, but

Acceptance refused to pay for defense or indemnity costs in the Hevrin lawsuit. However, to date no payment has been made to Milt's for these costs.

22. Mr. Endicott's lawsuit proceeded and the case was ultimately resolved through a settlement in February 2016 on the eve of trial. Acceptance refused to contribute in any meaningful way to indemnity costs in the Endicott lawsuit.

23. On April 12, 2016, through their attorney, Milt's sent Acceptance a letter demanding that Acceptance comply with the terms of the Policy and pay the defense and indemnity costs owed to them under the Policy. Acceptance again failed to respond.

## VII.
## Causes of Action Against Defendant

### A. Violations of the Texas Insurance Code

24. Based on the above conduct, Defendant's violations of the Texas Insurance Code include, but are not necessarily limited to:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which the insurer's liability has become reasonably clear;
>
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> (4) failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; and submit a reservation of rights to a policyholder;
>
> (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
>
> (6) making a material misstatement of fact; and
>
> (7) making a material misstatement of law.

As a result of Defendant's violations of the Texas Insurance Code, Plaintiffs have suffered damages.

### B. Breach of the Duty of Good Faith and Fair Dealing

25. In addition or in the alternative to the foregoing, Plaintiffs would show that the Defendant had a duty to deal fairly and in good faith with them in the handling of their insurance claim. Defendant breached this duty by wrongfully refusing to pay the full value of the claim. Defendant knew or should have known that there was no reasonable basis for failing pay Plaintiffs' insurance claims arising from the Hevrin and Endicott lawsuits. As a result of Defendant's breach of these legal duties, Plaintiffs have suffered damages.

### C. Violations of the Texas Deceptive Trade Practices Act

26. In addition or in the alternative to the foregoing, Plaintiffs would show that Defendant's acts and omissions as discussed above were violations of the Texas Deceptive Trade Practice Act (DTPA).

27. Tex. Bus. & Com. Code §§ 17.42, 17.46, 17.50(a) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's above-described violations of the Texas Insurance Code and other unconscionable acts are violations of the DTPA.

### D. Breach of Contract

28. In addition or in the alternative to the foregoing, Plaintiffs would show that at the time of underlying automobile collision involving Mr. Smith and Ms. Hevrin and Mr. Endicott, there was a valid contract in existence (i.e., the Policy) and that Milt's and the Dolfi's complied with all applicable terms of the subject contract. Defendant, Acceptance breached the contract by refusing to pay the full amount of benefits due under the Policy. As a result of Defendant's breach

of contract, Plaintiffs have suffered damages.

## VIII.
## Damages

29. Plaintiffs are entitled to the actual damages resulting from the above-described acts and omissions of the Defendant including but not limited to the full amount of policy benefits which were due under the terms of the subject policy of insurance.  These benefits include legal expenses totaling $53,129.39 and the $100,000.00 Milt's and the Dolfis paid to settle their liability in the Hevrin lawsuit; as well as the legal expenses totaling $45,815.63 and the $125,000.00 paid to settle their liability in the Endicott lawsuit.  All of these expenses were covered by the Policy and should have been paid by Acceptance.

30. In addition to the damages described above, Plaintiffs are also entitled to the statutory interest damages pursuant to Texas Insurance Code §542.060.

31. Furthermore, Defendant's knowing and intentional violations of Texas Insurance Code §§ 541 and 542 and Tex. Bus. & Com Code §17.50, its unconscionable acts, as well as the breach of its common law duty of good faith and fair dealing entitle Plaintiffs to damages for mental anguish and statutory damages as permitted by the Texas Insurance Code §541 and the Tex. Bus. & Com. Code §17.50

## IX.
## Attorney's Fees

32. Plaintiffs are also entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code 38.001(8), Tex. Bus. & Com Code §17.50 (d), Tex. Ins. Code § 541.152(a)(1), and Tex. Ins. Code § 542.060.

## X.
## Request for Jury Trial

33. Plaintiff requests a trial by jury and the required jury fee has been paid.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that they have judgment against the Defendant, for their damages as follows:

A. Policy Benefits as described above;

B. Additional Damages pursuant to Texas Insurance Code §542.060;

C. Monetary damages for mental anguish and statutory damages and penalties as permitted by the common law; Texas Insurance Code and the Tex. Bus. & Com. Code;

D. Reasonable and Necessary Attorneys' Fees pursuant to Tex. Civ. Prac. & Rem. Code 38.001(8), Tex. Bus. & Com Code §17.50 (d), Tex. Ins. Code § 541.152(a)(1), and Tex. Ins. Code § 542.060;

E. Plaintiffs further bring suit for pre-judgment interest and costs of court as allowed by law; and

F. For such other and further relief, both general and special, legal and equitable, as they may show themselves justly entitled.

**Respectfully Submitted,**

THE CALLAHAN LAW FIRM

 /s Casey Brown_____
MICHAEL S. CALLAHAN
Texas Bar No. 00790416
Federal Bar No. 18903
CASEY M. BROWN
Texas Bar No. 24031768
Federal Bar No. 30621
THE CALLAHAN LAW FIRM
440 Louisiana Street, Suite 2050
Houston, Texas 77002
(713) 224-9000
(713) 224-9001 (fax)
 Email: efiling@thecallahanlawfirm.com