United States District Court
Southern District of Texas
**ENTERED**
February 01, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILT'S SEAFOOD PLANT, INC., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-153 |
| | § § | |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

This is a lawsuit brought by an insured and its principals against their insurance company. On November 2, 2012, a Milt's employee caused an automobile accident in which two other people were injured. Each of these people sued Milt's and its principals (the *Hervin* and *Endicott* lawsuits), and these suits were eventually settled. Milt's alleges that Acceptance improperly refused to defend and indemnify it in these underlying lawsuits. As a result, Milt's filed this lawsuit in June 2016 for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith, and violations of the Texas DTPA. Dkt. 1.

On September 30, 2016, this Court entered a Docket Control Order setting this case for trial in November 2017. Dkt. 11. The discovery cut-off is July 28, 2017. The dispositive motion deadline is August 14, 2017.

On December 20, 2016, Acceptance filed a motion to sever and abate. Dkt. 12. Acceptance contends that, under Texas law, this Court should sever and abate the breach of contract claims from the "extra-contractual" claims (*i.e.*, the Texas Insurance Code,

breach of duty of good faith, and DTPA claims). Acceptance first contends that it will be prejudiced at trial if the jury considers evidence of "demand letters and post-litigation settlement offers necessary to defense of the extra-contractual claims" during the same trial as the coverage issue. Acceptance argues "since [it has] made both pre-litigation and post-litigation settlement offers," it should be allowed to try the contractual and extra-contractual claims separately. In the same vein, Acceptance contends it will be prejudiced if it is forced to conduct and defend discovery on all of these claims simultaneously, especially since an adjudication of whether the *Hervin* and *Endicott* underlying lawsuits were covered by the policy has not yet occurred.[1]

Federal Rule of Civil Procedure 21 allows this Court, "[o]n motion or on its own, . . . at any time, on just terms, [to] sever any claim against a party." Similarly, Federal Rule of Civil Procedure 42(b) allows this Court to order, "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." After reviewing these authorities, the cases cited by Acceptance, and the docket sheet of this case, the Court declines to sever and abate the claims as requested at this time. Accordingly, Acceptance's motion is **DENIED**, without prejudice to reurging at a later time.

SIGNED at Galveston, Texas on February 1 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court is mindful of these concerns. Although the dispositive motion deadline in this case is August 14, 2017, the Court reminds both parties that they may file a motion for partial summary judgment at any time, so long as the Court's Procedures and the Local Rules for the Southern District of Texas are observed.